IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| McKenzie Corey Shelton, | ) | Civil Action No.: 4:12-cv-03193-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on November 7, 2012. [§ 2254 Petition, Doc. # 1.] This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Thomas E. Rogers, III[1] filed on June 13, 2013. In his R&R, the magistrate recommends that the Court grant Respondent's Motion for Summary Judgment and dismiss the § 2254 Petition. Petitioner timely filed objections to the R&R.

**Background**[2]

Petitioner was indicted at the September 2001 term of the Laurens County Grand Jury for Murder and Possession of a Weapon During the Commission of a Violent Crime. In his § 2254 Petition, Petitioner raises the following grounds for relief:[3]

- **Ground One**: Prosecutorial misconduct relating to the admission of a statement

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[2] The facts of this case, including citations to the record, are discussed thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 33, at 1–7.]

[3] Petitioner raised a number of issues within each ground which are outlined more thoroughly in the R&R.

>   allegedly obtained in violation of *Miranda*;
>
> •   **Ground Two**: Prosecutorial misconduct relating to a number of alleged due process violations; and
>
> •   **Ground Three**: Due process violations stemming from the State Post-Conviction Relief ("PCR") proceedings.

[R&R, Doc. # 33, at 6–7 (citing to § 2254 Petition).]

On February 13, 2013, Respondent filed an Motion for Summary Judgment, along with a Return and Memorandum in Support. Because Petitioner is proceeding *pro se*, the magistrate entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 15, 2013, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. Petitioner filed a Response in Opposition.

## Standard of Review

The magistrate makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate's conclusions are

reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Petitioner's objections do not appear to take issue with any specific finding in the R&R – Petitioner merely rehashes his initial arguments before the magistrate, even going so far as to state that he "re-argue[s] in full" his Response to Defendant's Motion for Summary Judgment. [*See* Obj., Doc. # 39, at 2, 4–5, 8, 10.] None of the objections offered by Petitioner meet the applicable standard set above as they contain no basis for the objections or contain no additional argument beyond what is found in Petitioner's pleadings. These issues were correctly addressed by the magistrate. Nonetheless, out of an abundance of caution, and mindful of this Court's obligation to liberally construe *pro se* pleadings, this Court has nonetheless conducted a *de novo* review of the R&R and will briefly address Petitioner's objections.

First, Petitioner argues that the magistrate misstated the claim in Ground One. The magistrate ultimately found that Petitioner had failed to raise these issues on direct appeal. Even if the Court were to frame the issues as Petitioner requests, the issues in Ground One were not raised on direct appeal and, as the magistrate discussed, are procedurally barred.[4]

---

[4] Petitioner argues that he can show cause and actual prejudice for his various defaults in Grounds One and Two. While Petitioner at times takes issue with the magistrate's description of some of his claims, and also attempts to reargue the merits of those claims, he does not dispute that the issues were not raised on direct appeal. [*See* Obj., Doc. # 39, at 3–7.] The gravamen of Petitioner's argument for cause and prejudice is that his appellate counsel only chose to argue a particular issue. [*See id.* at 3–7, 11–13.] The Court has

3

Second, Petitioner appears to argue that the magistrate judge wrongly rejected Petitioner's claim in Ground Two that the trial court erred in failing to grant a motion for directed verdict. Petitioner's objection appears to argue that the magistrate judge improperly found this claim was barred from federal review. However, the magistrate plainly addressed this issue on the merits after "[a]ssuming the issue . . . [was] exhausted for purposes of federal habeas review . . . ." [R&R, Doc. # 33, at 11.] To the extent Petitioner challenges the magistrate's discussion of this claim on the merits, the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings.

Third, Petitioner objects to the magistrate's finding that alleged defects in state PCR proceedings are not cognizable in a federal habeas action. In his objections, Petitioner argues that he can show cause and actual prejudice regarding Ground Three. Petitioner appears to misunderstand the magistrate's holding, as the magistrate did not find this claim was procedurally barred. As the magistrate discussed and to which Petitioner does not object, Petitioner alleged in Ground Three that it was in error for the South Carolina Supreme Court, which prohibits hybrid representation, to refuse to allow Petitioner to act *pro se* and to file a petition for rehearing due to issues in relation to his PCR. However, as the magistrate properly held, this claim concerning the state PCR process does not raise a claim concerning federal habeas corpus relief. Petitioner's

---

thoroughly reviewed Petitioner's objections and finds that he has failed to show either cause for his procedural defaults or actual prejudice. Moreover, the United States Supreme Court has specifically held that defense counsel assigned to prosecute an appeal from criminal conviction does not have constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 752 (1983) ("There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review."); *see also Boseman v. Bazzle*, No. 0:07–CV–01344, 2011 WL 4808189, at *4 (D.S.C. Oct. 11, 2011) ("[A]ppellate counsel is not bound to raise every issue presented by the record on appeal and is granted latitude to exercise professional judgment.").

objections are overruled.[5]

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the magistrate judge, the Court hereby overrules all of Petitioner's objections and adopts the R&R. Accordingly, Respondent's Motion for Summary Judgment [Doc. # 18] is **GRANTED**, all pending

---

[5] The Court is mindful of the recent case of *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012), which held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." However, here, Petitioner is not using any failure of his PCR counsel to establish cause for his procedural default. He is attacking the developments within the PCR process itself. *See Gray v. Stevenson*, No. 4:11–00227, 2012 WL 489010, at *16 (D.S.C. Jan. 24, 2012) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review (citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988))).

motions are **DENIED** as moot,[6] and the § 2254 Petition is hereby **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
September 3, 2013

---

[6] Petitioner submitted a filing styled as a "Request for Leave of Court to Amend Habeas Petition." [*See* Mot. to Amend, Doc. # 41.] In reality, this appears to be nothing more than an effort to further discuss the substantive merits of Petitioner's case. The Court has reviewed this filing as such and finds that it does nothing to alter the Court's reasoning herein. To the extent Petitioner is seeking to amend his § 2254 Petition to assert new grounds, Petitioner's Motion is denied. Petitioner's supposed amendment appears futile and Petitioner has failed to show any reason for seeking to amend at such a late date.